IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:18-CR-623-S |
| DUSTIN RALL (03) | |

## PLEA AGREEMENT

In support of Dustin Rall's plea of guilty to the offense in Count Seven of the Superseding Indictment, Dustin Rall ("**Rall**"), the defendant; Peter Koski, the defendant's attorney; and the United States of America (the "government") stipulate and agree to the following:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count Seven of the Superseding Indictment, charging a violation of 18 U.S.C. § 1956(h).

Plea Agreement—Page 1

3. The defendant understands the nature and elements of the crime to which the defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

4. **Sentence**:

The maximum penalties the Court can impose for Count One include:

a. imprisonment for a period not to exceed ten years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for up to two years;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f. costs of incarceration and supervision; and

g. forfeiture of property.

5. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorneys, but understands no one can predict with certainty the outcome of the Court's

consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100 per count of conviction in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**: The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

8. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant understands that the defendant's financial obligation does not end with any term supervised release or probation. The defendant further agrees as follows:

a. **Financial Disclosures:** Within 15 days of the execution of this plea agreement, the defendant shall submit an accurate and complete personal financial statement under oath to the U.S. Attorney's Office. The financial disclosure must identify all property in which the defendant has an interest—whether direct or indirect; whether held individually or jointly; whether held by a spouse, relative, associate, nominee, business, trust, or other third party; and whether held in this country or outside the country. Upon demand, the defendant shall provide any and all additional financial documentation requested to the USPO, the Court, or the Government, until her financial obligations have been paid in full. The financial disclosures may be shared between and among the Government and the USPO as needed.

b. **Financial Interviews:** The defendant shall submit to interviews by the Government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

c. **Credit Check:** The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

d. **Treasury Offset Program:** The defendant consents to enrollment upon sentencing in the Treasury Offset Program, at the sole discretion of the Government, which would allow for funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to be applied to the defendant's outstanding financial obligations imposed by the Court.

9. **Restitution**: Pursuant to 18 U.S.C. §§ 3663A and 3663(a)(3), the defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offense) of conviction and all relevant conduct, in an amount to be determined by the Court. The defendant agrees that, for purposes of this Plea Agreement, restitution for relevant conduct shall include all acts and omissions described in U.S.S.G. § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless whether the grouping

rules in U.S.S.G. § 3D1.2 might apply to computation of the advisory imprisonment range. By entering into this plea agreement, the defendant represents that he additionally agrees to the following:

    a.    **Asset Liquidation:** The defendant agrees to fully cooperate with the government in the liquidation of assets to be applied towards any financial obligations imposed in this case. The defendant understands the government will review all financial disclosures submitted and require the defendant to make good-faith efforts toward payment of all financial obligations imposed by this Court. The defendant will work with the Financial Litigation Unit of the U.S. Attorney's Office to create a liquidation plan, which may include (i) making payments to the Clerk for the upcoming restitution judgment as early as possible; (ii) entering into an asset preservation agreement and/or payment plan with the government to preserve assets for restitution and/or facilitate pre-judgment payment of restitution.

    b.    **Joint and several liability:** The defendant understands that should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability. The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the defendant has paid the defendant's ordered amount of restitution in full or the respective victim has been paid in full.

10.    **Exclusion from TRICARE, FECA, other federal health care programs**: The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from TRICARE, the Federal Employees Compensation Act program ("FECA"), and all federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Defense and the United States Department of Labor Office of Workers Compensation ("DOL-OWCP"), to effectuate this exclusion within 60 days of receiving the

documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including TRICARE and FECA.

11.  **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.  The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges pending in the Superseding Indictment.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and United States Department of Justice, Criminal Division, Fraud Section and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

12.  **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

Plea Agreement—Page 6

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine, and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorneys and is fully satisfied with those attorneys' legal representation. The defendant has received from the defendant's attorneys explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's

attorneys, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

(Continued on next page.)

AGREED TO AND SIGNED this 7 day of July, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION

_____
Lee Michael Hirsch
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
New York State Bar No. 24079529
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Phone: (202) 805-5911
Email: Lee.Hirsch@usdoj.gov

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   7/7/23
Dustin Rall                      Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____   7/7/23
Peter Koski                      Date
Attorney for Defendant